J-S67017-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ELWOOD JOHNSON | |
| Appellant | No. 1102 EDA 2016 |

Appeal from the PCRA Order March 29, 2016
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0009065-2006

BEFORE: FORD ELLIOT, P. J. E., STEVENS, J., and RANSOM, J.

MEMORANDUM BY RANSOM, J. **FILED OCTOBER 11, 2016**

Appellant, Elwood Johnson, appeals from the March 16, 2016 order denying, as untimely, his sixth petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

On November 21, 2008, a jury convicted Appellant of one count of possession of with intent to deliver at least 100 grams of cocaine, two counts of possession of a controlled substance, two counts of criminal use of a communications facility, one count of criminal conspiracy, one count of dealing in proceeds of unlawful activities, and two counts of corrupt organizations.[1]

---

[1] 35 P.S. § 780-113(a)(30), 35 P.S. § 780-113(a)(16), 18 Pa.C.S. § 7512, § 903, § 5111(a), and § 911(b), respectively.

On February 5, 2009, the trial court sentenced Appellant to an aggregate term of sixteen and one-half to thirty-three years' imprisonment, which included a seven year mandatory minimum sentence pursuant to statute. *See* PCRA Court Opinion, 4/25/16, at 1-2; *see also* 18 Pa.C.S. § 7508(3)(iii) (directing a mandatory minimum sentence of at least seven years' incarceration where the weight of the substance possessed is at least 100 grams and defendant was previously convicted of another drug trafficking offense).

Appellant timely filed a notice of appeal with this Court, challenging the weight and sufficiency of the evidence, and the trial court's denial of his motion to suppress evidence. On August 6, 2010, this Court affirmed Appellant's judgment of sentence, and the Pennsylvania Supreme Court denied his subsequent petition for allowance of appeal on March 9, 2011. *See Commonwealth v. Johnson*, 11 A.3d 1014 (Pa. Super. 2010) (unpublished memorandum), *appeal denied*, 20 A.3d 485 (Pa. 2011) (unpublished memorandum).

Appellant has since filed numerous petitions, including several while review was still outstanding, seeking collateral relief. He filed his first petition on April 29, 2011. Appointed counsel submitted a Turney/Finley "no

merit" letter.[2] The PCRA court granted counsel's petition to withdraw and sent Appellant notice that his petition would be dismissed without a hearing. The PCRA court then dismissed his petition. Appellant appealed to this Court, which remanded for reappointment of PCRA counsel and an evidentiary hearing. The petition was ultimately dismissed by the PCRA court on May 31, 2013. Appellant did not file an appeal.

Appellant's second and third petitions, filed during the pendency of the litigation of his first PCRA, were dismissed as premature. His fourth petition was filed July 18, 2013 and dismissed by the PCRA court, after proper notice, without a hearing. This Court denied his subsequent appeal on October 22, 2014. *See Commonwealth v. Johnson*, 108 A.3d 120 (Pa. Super. 2014) (unpublished memorandum). Appellant's fifth PCRA was dismissed, after proper notice, on September 9, 2015. This Court dismissed his appeal *per curiam* on January 8, 2016, for failure to file an appellate brief.

On February 19, 2016, Appellant filed the instant petition, contending his sentence was illegal pursuant to *Alleyne v. United States*, 133 S. Ct. 2151 (2013). On March 3, 2016, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing.

---

[2] *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1998); *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988).

Appellant filed a response, but on March 29, 2016, the court dismissed Appellant's petition as untimely.

Appellant timely filed a notice of appeal and submitted a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The PCRA court issued a responsive opinion April 25, 2016.

Herein, Appellant presents one issue for our review:

1. Did the United States Supreme Court decision in *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016) establish all substantive constitution [*sic*] new rule a constitutional right to retroactivity and gives state courts jurisdiction to hear Appellant's *Alleyne* challenge on collateral review under 42 Pa.C.S. § 9545(b)(1)(iii) and did Appellant file in a timely manner under the time requirement of 42 Pa.C.S. § 9545(b)(2)?

Appellant's Brief at 1 (unnecessary capitalization and emphasis omitted).

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *See Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007).

We begin by addressing the timeliness of Appellant's petition, as the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of his claims. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for relief, including second and subsequent petitions, must be filed within one year of the date on which the judgment of sentence becomes final. *Id*. There are three exceptions:

- 4 -

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2); **see Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 783 (Pa. 2000).

Appellant acknowledges that his petition is untimely.[3] Nevertheless, Appellant asserts his claim is based upon a newly recognized constitutional right held to apply retroactively. **See** Appellant's Brief at 8 (citing 42 Pa.C.S. § 9545(b)(1)(iii)).

_____

[3] Appellant's petition is patently untimely. Appellant's judgment of sentence became final on June 7, 2011, at the expiration of the ninety-day time period for seeking review with the United States Supreme Court. **See** 42 Pa.C.S. § 9545(b)(3) (a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); **Commonwealth v. Owens**, 718 A.2d 330, 331 (Pa. Super. 1998) (noting that Sup.Ct.R. 13 grants an Appellant ninety days to seek review with the United States Supreme Court). Thus, Appellant had until June 6, 2012, to timely file a petition. Appellant filed his current petition on February 19, 2016.

According to Appellant, the sentence imposed upon him is illegal pursuant to a newly-recognized constitutional rule. *See* Appellant's Brief at 8, 10 (citing in support ***Alleyne***, 133 S. Ct. at 2155 (concluding that "[a]ny fact that … increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt")). Moreover, Appellant asserts, this new rule must be applied retroactively, thus entitling him to collateral relief. ***Id***. at 10-11 (citing in support ***Montgomery v. Louisiana***, 136 S. Ct. 718 (2016)).

Appellant's reliance upon ***Montgomery*** to establish the retroactive applicability of ***Alleyne*** is misplaced. In ***Montgomery***, the United States Supreme Court recognized that state collateral review courts must give retroactive effect to a new, *substantive* rule of constitutional law. ***Montgomery***, 136 S. Ct. at 729. However, the Pennsylvania Supreme Court has recently determined that the rule announced in ***Alleyne*** was neither a substantive nor a "watershed" procedural rule and, therefore, did not apply retroactively to cases pending on collateral review. ***Commonwealth v. Washington***, --- A.3d ---, at *8 (Pa. 2016), ***see also Commonwealth v. Riggle***, 119 A.3d 1058, 1064-67 (Pa. Super. 2015) (same).

Appellant's petition is untimely, and he has not satisfied a timeliness exception to the requirements of the PCRA. Consequently, the PCRA court

was without jurisdiction to review the merits of Appellant's claim, and properly dismissed his petition. ***See Ragan***, 932 A.2d at 1170.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/11/2016